**Verna M. BINKLEY, Plaintiff,**

v.

**William D. LOUGHRAN, Sue Dupor, and Southern Bell Telephone and Telegraph Company, Defendants.**

**Verna M. BINKLEY, Plaintiff,**

v.

March 17, 1989.

Debra I. Johnson, High Point, N.C., and B. Ervin Brown, II, Winston–Salem, N.C., for plaintiff.

Fred T. Hamlet, R. Cameron Cooke, M. Daniel McGinn and William P.H. Cary, Greensboro, N.C., and Audrey L. Polk and Keith W. Kochler, Atlanta, Ga., for defendants.

### MEMORANDUM ORDER

BULLOCK, District Judge.

By order dated November 10, 1988, this court denied Plaintiff's motion to remand these actions to the General Court of Justice, Superior Court Division of Guilford County, North Carolina, from which they were removed by Defendants in December of 1987 and May of 1988. Plaintiff, seeking appellate review of that order, has filed a motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons stated below, this motion will be denied.

Under Section 1292(b), district judges may certify as appealable orders which could not otherwise be appealed, but only if the judge is of the opinion "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). *See Ray v. Edwards,* 725 F.2d 655, 658 (11th Cir.1984); *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.,* 702 F.2d 67, 68 (5th Cir.1983). Regarding what constitutes a "controlling question,"

> [t]here is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment for further proceedings, or for a dismissal that could have been ordered without the ensuing district court proceedings.... At the other end of the spectrum, [though,] there is little doubt that a question is not controlling if the litigation would be conducted in the same way no matter how it were decided, or if it is a matter of merely formal procedure that can readily be accommodated to whatever ruling is made. In between, a growing number of decisions have accepted the rule that a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants.

16 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3930 at 159–60 (1977) (footnotes omitted).

Plaintiff contends that the court's order is appropriate for certification of interlocutory appeal because if it were determined after entry of a final judgment and subsequent appeal that this case should have been remanded, both time and expense would have been wasted. However, as Defendants point out, "[i]t is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate." *Report of the Committee on Appeals from Interlocutory Orders of the District Court,* 1958 U.S.Code Cong. & Admin.News 5255, 5260–61. Instead, the Judicial Conference of the United States envisioned that Section 1292(b) would be used only in exceptional cases where an appeal might avoid protracted and expensive litigation or where serious doubts exist as to a question which would be dispositive of the litigation. *Id.* at 5260. Defendants assert that, as the dispute in this litigation goes to the application of settled law to facts rather than to what law should apply, this case is inappropriate for certification of interlocutory appeal.

The court recognizes that, since an incorrect resolution of the remand question would require reversal of the final judgment, such a question is "controlling." However, the court also agrees with Defendants that the difficulty in analyzing cases involving Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, lies in applying the law to the facts rather than in resolving any substantial differences of opinion regarding what law controls. Indeed, when the hearing on Plaintiff's motion to remand was conducted, the parties were in agreement as to the line which Defendants would have to cross to remove the case from the scope of Section 301 but disagreed as to whether, under the *facts* surrounding Plaintiff's claims, such line had been crossed. *See Binkley v. Loughran,* 714 F.Supp. 768, 770 (M.D.N.C.1988).[1]

Furthermore, to the extent that any disagreement exists regarding whether the

---

1. The court's conclusion in this regard is based upon the following exchange between the court and counsel for Plaintiff:

    THE COURT: I understand your argument. But as I understand, you're saying that you don't have that much disagreement with [counsel for Defendants'] analysis of the law except to the extent that the [Supreme Court's decision in *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)] goes further than [the Supreme Court's decision in *Allis–Chalmers Corp. v.*

    *Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)], but that the allegations and the actions of these defendants have stepped across a line that perhaps concededly exists and therefore you have the right to go to the state court with your complaint?

    MR. BROWN: Exactly.

    Transcript of Hearing on Motions to Remand at 28, 11. 1–9, *Binkley v. Loughran,* Nos. C–87–900–G, C–87–901–G, & C–88–399–G (M.D.N.C. Oct. 6, 1988).

Supreme Court's decision in *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), provides a greater opportunity for plaintiffs involved in workplace disputes to bring state tort claims than does *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the court afforded Plaintiff the benefit of the doubt by following "the arguably stricter standard of *Lingle.*" *Binkley*, 714 F.Supp. at 770. Thus, the court agrees with Defendants that the dispute in this case is essentially one of fact rather than one involving "substantial ground for difference of opinion" as to a "controlling question of law"; consequently, the order denying Plaintiff's motions to remand is not appropriate for certification. *See Clark–Dietz*, 702 F.2d at 69 ("Merely fact-review questions [are] inappropriate for § 1292[b] review.").

The court is also not persuaded that the granting of certification in this case would materially advance the resolution of this litigation. As noted, the committee reports surrounding the enactment of Section 1292(b) reveal that the purpose of the subsection is primarily to avoid unnecessary protracted and complex litigation such as that involved in antitrust suits. On the contrary, trial in this case would be neither lengthy nor complex, and discovery has already been completed. Therefore, the court does not believe that certifying appeal at this stage would substantially advance this litigation.

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) be, and the same hereby is, DENIED.